AO 91 (Rev. 11/11)   Criminal Complaint   (FMT authorizing)

C&W # 17-104

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br><br>Rene Marrero<br><br><br>_____<br>Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  *17-1375-M*

FILED
OCT 1 3 2017

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 19, 2017_____ in the county of _____Northampton_____ in the _____Eastern_____ District of _____Pennsylvania_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code Section 841(a)(1),(b)(1)(B); and Title 18, United States Code, Section 924(c)(1). | On April 19, 2017, in Bethlehem, Northampton County, in the Eastern District of Pennsylvania, defendant Rene Marrero knowingly and intentionally possessed with intent to distribute 100 grams or more, that is approximately 134 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(B), and on April 19, 2017, defendant Rene Marrero possessed a loaded firearm in furtherance of drug trafficking crime, in violation of 18, U.S.C. § 924(c)(1). |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

John Casella, DEA Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   _____10/13/2017_____

_____
*Judge's signature*

City and state:   _____Allentown, PA_____

The Hon. Henry S. Perkin, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

John M. Casella, a Task Force Officer with the Drug Enforcement Administration, being duly sworn, deposes and states:

## INTRODUCTION

1.      I am a deputized Task Force Officer with the United States Drug Enforcement Administration ("DEA") and assigned to the Allentown Resident Office since November of 2015.   I am also a duly sworn police officer with the City of Bethlehem Police Department since January of 2007.   As such, I am empowered to conduct investigations into the violations of the various laws of the Commonwealth, including Act 64, the Controlled Substance, Drug, Device and Cosmetic Act of April 1972, as amended and United States Code, Title 21, Drug Abuse Prevention, and Control.   I have been involved in over one hundred criminal investigations into violations of drug laws and have received over 100 hours of additional specialized training in various aspects of drug law enforcement.   I have participated in over one hundred investigations relative to the distribution of controlled substances resulting in the arrest of over one hundred individuals.   I have conducted hundreds of hours of surveillance of drug traffickers and have observed them interact with their suppliers, criminal associates, and customers.   I have conducted over one hundred interviews of informants and/or defendants including drug users, street-level dealers, and upper-level distributors.   I have participated in the service of over one hundred narcotics related search warrants including those served at residences, storage facilities, and vehicles.   I have personally applied for and received search warrants pertaining to narcotics investigations.   Based on my training and experience, I am familiar with the ways in which drug dealers conduct their drug-related business, including, but not limited to their (a) methods of

1

distributing narcotics; (b) methods of distributing drug proceeds; (c) use of telephone communication devices; (d) use of numerical codes and code words to identify themselves, the nature of the communication and to conduct their drug-related transactions; and (e) common practice of registering for and obtaining these communication devices under false names, or names of relatives and/or friends to avoid financial responsibilities and tracking of criminal activities by law enforcement entities.

### *Probable Cause to Arrest*

### April 19, 2017 seizure of approximately 134 grams of heroin and firearm from Marrero

2.      On Wednesday, April 19, 2017, your affiant obtained information from a City of Bethlehem Police Department Confidential Source (CS) regarding a possible drug transaction scheduled to occur in the 800 block of East 5th Street, Bethlehem, Pennsylvania during the nighttime hours.   According to the CS, a person known to your affiant (hereinafter Person #1) was awaiting a shipment of cocaine and heroin to arrive at an address in the 800 block of East 5th Street (Bethlehem, PA).   According to the CS, the heroin and cocaine were going to be delivered to the address via a motor vehicle traveling from New York.

3.      At approximately 9:40 pm, your affiant and DEA Special Agent (SA) William Rodgers established surveillance in the 800 block of East 5th Street.   During that time, your affiant observed a silver BMW X3 bearing a Pennsylvania Registration of KGZxxxx (your affiant has indicated redactions with the letter "x") parked in the 800 block of East 5th Street. The BMW was parked on the north side of the street, directly in front of 80x East 5th Street.

4.      The BMW X3 was registered to the defendant, Rene Marrero, at 22xx West Livingston Street, Allentown, Pennsylvania.   Pennsylvania Department of Transportation

2

records indicated Marrero possessed a Pennsylvania Photo Identification, and had his driving

privileges under suspension.

5.      Your affiant was familiar with Marrero and knew him to be a suspect in an on-

going drug investigation.

6.      DEA Resident Agent In-Charge (RAC) Michael Caffrey, SA Robertjohn

Wohlbach, SA Joshua Romig, and detectives from the City of Bethlehem Police Department

Special Operations/Vice Unit arrived in the area to assist with surveillance.   During the

surveillance, an unknown Hispanic male was observed circling the 800 block of East 5th Street

on foot.   The male circled the area throughout the surveillance, and agents/officers observed him

utilizing a cellular telephone on multiple occasions.   Your affiant determined the male was

possible counter-surveillance being utilized for a drug transaction.

7.      At approximately 11:00 pm, SA Rodgers observed Marrero exit a residence on

the north side of East 5th Street, possibly 80x East 5th Street.   SA Rodgers observed Marrero

walk to the driver's door of the BMW X3 and enter the vehicle.   SA Rodgers then observed a

second male (hereinafter Person #2), whose identity is known to your affiant, exit from the same

area on East 5th Street.   Person #2 entered the driver's door a green Mitsubishi Montero bearing

Pennsylvania Registration KJHxxxx.

8.      Marrero pulled out from the parking space and traveled west on East 5th Street.

Marrero stopped at the intersection of East 5th Street and Atlantic Street for several moments.

At that time, Person #2 pulled out from the parking space and traveled west on East 5th Street,

directly behind Marrero.   A mobile surveillance ensued as Marrero and Person #2 traveled north

on Buchanan Street and then west on East 4th Street.

3

9.      Your affiant notified City of Bethlehem Police Officer Joshua Hobson and Police Officer Louis Csaszar of the matter, and requested traffic stops be conducted on both Marrero and Person #2.   Officer Hobson and Csaszar were in the immediate area and observed both Marrero and Person #2 at the intersection of West 4th Street and Broadway.   Officer Hobson reported Marrero failed to utilize a turn signal as he traveled west onto Broadway from West 4th Street.

10.      Marrero stopped and parked in a posted no parking zone in the 700 block of Broadway.   Upon contact with Officer Hobson, Marrero reported he did possess a driver's license.   Marrero retrieved a black and green nylon pack from the center console of the vehicle. Marrero retrieved photo identification a compartment in the pack and provided it to Officer Hobson.

11.      Marrero was visibly nervous throughout the encounter.   Marrero's hands were visibly shaking and he was breathing heavy.   Marrero remained in possession of the nylon pack, utilizing his right elbow to press it against his body.   Your affiant inquired about the contents of the pack, and requested Marrero to place it on the front passenger's seat of the vehicle.   Marrero reported the pack contained his identification and placed it on the floor behind the driver's seat.

12.      Officer Hobson requested Marrero to exit the vehicle and he complied.   Your affiant, in the presence of SA Romig and Officer Hobson, asked Marrero if there were drugs or firearms inside of the vehicle.   Marrero responded there were no drugs inside the vehicle, and responded he was unsure if there was a firearm inside the vehicle.   Your affiant again asked Marrero if there was a firearm inside the vehicle.   Marrero reported there was a firearm inside the vehicle, but he was unsure where it was located.   Marrero verbally consented to a search of

4

the vehicle, and advised SA Romig and your affiant to "search everywhere" in the vehicle for the firearm.

13.     SA Romig and your affiant searched the BMW X3.   SA Romig, as witnessed by your affiant, acquired a black plastic bag from under the driver's seat of the vehicle.   The black plastic bag contained a clear plastic bag containing over 100 grams of heroin.   SA Romig, as witnessed by your affiant, acquired the nylon pack from the rear passenger floor of the vehicle. The nylon pack contained various documents containing Marrero's identification and a Taurus PT145 Pro .45 caliber semi-automatic firearm, bearing a serial number of NZL61493.   The Taurus PT145 Pro contained a magazine with 10 live rounds of .45 ACP ammunition.   Marrero was found in possession of two cellular phones; a black Samsung Galaxy Note 4 and a black Samsung SM-B311V.   Marrero was also found in possession of $273.00 in United States currency.

14.     Marrero was taken into custody by Officer Hobson and transported to City of Bethlehem Police Headquarters.

15.     Marrero was provided with a City of Bethlehem Police Department Miranda Rights form by City of Bethlehem Police Detective Patrick Maczko.   Detective Maczko, in the presence of your affiant, read the form aloud to Marrero.   Marrero completed the form and indicated he did not wish to speak with law enforcement regarding the matter.   Marrero stated the reason he did not wish to speak with law enforcement was because the items recovered from the vehicle belonged to him.

16.     Your affiant sent the suspected heroin to the DEA Mid-Atlantic Laboratory for further analysis and forensic results determined it contained 134 grams (with an error of plus or minus .2 grams) of heroin.

### Conclusion

17.     Based on the information above, I have concluded there is probable cause to believe that Rene Marrero knowingly and intentionally possessed with the intent to distribute 100 grams or more, that is approximately 134 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in Bethlehem, Northampton County, PA, in the Eastern District of Pennsylvania, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).   I have further probable cause to believe that on April 19, 2017, Rene Marrero possessed firearm, that is a Taurus PT145 Pro .45 caliber semi-automatic firearm, bearing a serial number of NZL61493, with a magazine loaded with ten live rounds of .45 ACP caliber ammunition, in furtherance of drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1).

John Casella, Task Force Officer
Drug Enforcement Administration

Subscribed to and sworn before
me this _____ day of October, 2017

HONORABLE HENRY S. PERKIN
United States Magistrate Judge

6